J-S42006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY STEVEN LUSTER, | |
| Appellant | No. 671 WDA 2015 |

Appeal from the Judgment of Sentence February 11, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0009312-2013

BEFORE:  SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 23, 2016**

Appellant, Anthony Steven Luster, appeals from the judgment of sentence entered following his convictions of two counts of aggravated assault, and one count each of attempted homicide, robbery, criminal conspiracy, and recklessly endangering another person ("REAP").  We affirm.

We summarize the history of this case as follows.  On April 24, 2013, Pittsburgh police were dispatched to Landis Street in the Sheridan neighborhood of Pittsburgh in response to a call about a man having been shot in the area.  Upon their arrival, the police received conflicting reports from the victim, Dorrian Glenn, regarding the location of the shooting and

_____

[*]  Former Justice specially assigned to the Superior Court.

the circumstances surrounding the incident.[1] Police searched the area and, with the assistance of surveillance cameras, discovered signs of where the shooting took place.[2] Mr. Glenn eventually explained to police what had happened during the incident and identified, from photo arrays, Appellant and Appellant's co-defendant as the perpetrators of the crime. Mr. Glenn had known Appellant prior to the shooting and identified the apartment where the shooting took place as belonging to Appellant's cousin.

On May 21, 2013, Appellant was charged with the crimes stated above.[3] On October 22, 2014, Appellant filed a motion to sever his case from that of his co-defendant, which the trial court granted on October 23, 2014. On November 18, 2014, a jury convicted Appellant of the aforementioned crimes.

On February 11, 2015, the trial court sentenced Appellant to serve a term of incarceration of ten to twenty years for the conviction of attempted

_____

[1] Mr. Glenn had suffered bullet injuries to his thigh and chest.

[2] The police eventually discovered that the shooting began inside of an upstairs apartment at 3111 Landis Street, which was the residence of Appellant's cousin. During the shooting, Mr. Glenn jumped out of a window to the alleyway below. Between the apartment and the alleyway, police discovered a total of twelve nine-millimeter shell casings. Eight of the shell casings came from one firearm, and the other four casings came from a second gun.

[3] We note that Appellant had also been charged with one count of person not to possess a firearm, but that charge was later withdrawn by the Commonwealth.

homicide. In addition, the trial court sentenced Appellant to serve three concurrent five-year terms of probation for the convictions of robbery and conspiracy and for one of the aggravated assault convictions. There were no further penalties imposed for the second conviction of aggravated assault and REAP. Appellant filed timely post-sentence motions, and the trial court held a hearing on April 20, 2015. On April 21, 2015, the trial court entered an order denying the post-sentence motions. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether the trial court erred in finding that the evidence was sufficient to sustain the jury's verdict when the record shows that the Commonwealth failed to establish elements of the crimes and the evidence was so weak that the jury was left to decide the case on speculation and conjecture?

2. Whether the trial court erred in finding that the weight of the evidence supported the verdict when the victim, Dorian Glenn, testified that the Appellant was not the shooter and there was no other evidence tending to establish that the Appellant commit[ed] these crimes?

3. Whether the trial court erred in denying the Appellant's Motion for Judgment of Acquittal when the evidence presented by the Commonwealth failed to establish on a *prima facie* level that the Appellant was involved in this shooting?

Appellant's Brief at 3.

In his first issue, Appellant argues that the Commonwealth failed to present sufficient evidence to support his convictions of attempted murder, robbery, and aggravated assault. Appellant's Brief at 9-11. Basically, Appellant contends that, in light of the fact that the victim recanted his

identification of Appellant, there was insufficient evidence presented to the jury that Appellant was one of the people who shot the victim.

However, Appellant has waived any argument concerning the sufficiency of the evidence. Regarding sufficiency-of-the-evidence issues, an appellant must specify the elements upon which the evidence was insufficient in order to preserve the issue for appeal. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257–1258 (Pa. Super. 2008) (finding waiver where the appellant failed to specify the elements of particular crime not proven by the Commonwealth). *See also Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (finding claim waived under *Williams* for failure to specify either in Rule 1925(b) statement or in argument portion of appellate brief which elements of crimes were not proven beyond a reasonable doubt).

Appellant's Pa.R.A.P. 1925(b) statement presents the following pertinent issue, which fails to specify the elements of the crimes allegedly not proven by the Commonwealth:

> (a) **Sufficiency of the Evidence:** Was the evidence presented by the Commonwealth sufficient to sustain the verdict, when the record shows that the victim, Dorian Glenn, testified that [Appellant] was not the shooter and there was no other evidence tending to establish that [Appellant] was present at the scene, requiring the jury to rely on conjecture to decide the case?

Concise Statement (Record Entry 31), 5/28/15, at 2.

Likewise, Appellant has failed to specify in his appellate brief the particular elements of the crimes that allegedly were not established. Appellant's Brief at 9-11. Consequently, Appellant's non-specific claim challenging the sufficiency of the evidence, which fails to state the exact elements of the particular crimes allegedly not proven by the Commonwealth, is waived. **Williams**, 959 A.2d at 1257-1258.

Even if we were to address the merits of this undeveloped claim challenging the sufficiency of the evidence, we would conclude that it lacks merit. We analyze arguments challenging the sufficiency of the evidence under the following parameters:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

**Commonwealth v. Trinidad**, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quoting **Commonwealth v. Emler**, 903 A.2d 1273, 1276-1277 (Pa. Super. 2006)).

Had we not concluded that this issue is waived, we would have affirmed on the basis of the following analysis offered by the trial court, which explains that the Commonwealth did produce sufficient evidence that Appellant was one of the perpetrators of the shooting:

[I]t is abundantly clear that the Commonwealth met its burden of proving the elements of offenses charged and that the evidence clearly supported the verdicts that were rendered.

The jury was presented with the testimony of the victim who on prior occasions had made statements to the police that were inconsistent with his testimony at the time of trial. The jury was instructed on the issue of credibility and how to make a determination as to the credibility of each and every witness. The jury further was instructed on the question of prior inconsistent statements made by a witness. The Commonwealth presented [the victim] who had called the police after he was released from the hospital and identified one of the two shooters as Theo Campbell. The police had determined that [Appellant] was a potential suspect and prepared two separate photo arrays that were shown to [the victim]. [The victim] identified Campbell from the first photo array without hesitation or equivocation and similarly identified [Appellant] from the second photo array. When [the victim] was called to testify, he once again identified Campbell as one of the shooters but said that [Appellant] was not the second shoot[er] and said that he believed that the second shooter was taller and darker skinned than [Appellant]. [The victim] admitted that he did not want to be identified as a snitch and also was fearful of reprisals against him and his family for his identification of the shooters in this case. In addition to [the victim's] testimony, the Commonwealth presented the testimony of several police officers who were able to demonstrate the impossibility of [the victim's] initial explanation as to how the shooting occurred because it was in contradiction to the physical facts that were found at the scene. [The victim] initially maintained that he was shot on the street where he attempted to bum a cigarette and yet there were no shell casings found at the point where he said he was shot. The shell casings that were found and the bullet fragments that were recovered were all found inside the apartment and in the alleyway that abutted the apartment building. The police

detailed the manner in which they prepared the photo arrays and [the victim's] unequivocal identification [from the photo arrays] of the individuals who shot him.

In addition to this testimony, the jury was also presented with videotapes that were obtained from the surveillance equipment that were not only in the apartment building in which [the victim] was shot but also from the apartment building that shared the alleyway with 3111 Landis Street. On those videotapes it showed two individuals coming down a back outdoor staircase and those videos could be stopped and the jury was able to view the individuals who were leaving the apartment shortly after [the victim] had been shot. When all of those items are taken into consideration, it is clear that the Commonwealth had proven the elements of the offenses charged beyond a reasonable doubt and the evidence was more than sufficient to establish [Appellant's] guilt.

Trial Court Opinion, 1/22/16, at 7-8.

In his second issue, Appellant argues that the trial court erred in finding that the weight of the evidence supported the verdict. Appellant's Brief at 11-13. Essentially, Appellant contends that the verdict rendered reflects that the jury ignored evidence that the victim was lying to police about Appellant's involvement in the crime.

In **Commonwealth v. Clay**, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Widmer**, 560 Pa. 308, 319, 744 A.2d 745, 751-[7]52 (2000); **Commonwealth v. Brown**, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. **Widmer**, 560

- 7 -

A.2d at 319-20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id*. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Brown*, 538 Pa. at 435, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Brown*, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Widmer*, 560 Pa. at 321-[3]22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving

- 8 -

> effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

> **Widmer**, 560 A.2d at 322, 744 A.2d at 753 (quoting **Coker v. S.M. Flickinger Co.**, 533 Pa. 441, 447, 625 A.2d 1181, 1184-[11]85 (1993)).

**Clay**, 64 A.3d at 1054-1055. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." **Commonwealth v. Diggs**, 949 A.2d 873, 879-880 (Pa. 2008).

Our review of the certified record reflects that the Commonwealth presented testimony from the victim, as well as video surveillance footage from the area inside and outside of the building where the shooting took place. N.T., 11/17-18/14, at 28-66, 103-108; Commonwealth Exhibit 20. In addition, the Commonwealth offered as a witness Detective Michael Chlystek of the Pittsburgh police, who showed the photo arrays to the victim and testified regarding the victim's unhesitating demeanor in selecting Appellant as one of the perpetrators from the photo array. N.T., 11/17-18/14, at 110-115, 120-121. Further, the Commonwealth presented evidence from Officer David Sisak, Detective Blase Kreer, and Detective Michael Mares, of the Pittsburgh police, who offered detailed testimony concerning the victim's interview at the scene of the incident, their

investigation of the crime scene, and the discovery of the video surveillance footage. *Id*. at 70-81, 84-85, 85-98, 99-110. The jury, sitting as the finder of fact, chose to weigh the evidence implicating Appellant in the commission of the crimes, to disregard the recantation testimony offered by the victim at trial, and to find that Appellant committed the crimes in question, as was its right. As the trial court aptly stated, "[I]t is abundantly clear that the verdicts were not against the weight of the evidence and were properly entered." Trial Court Opinion, 1/22/16, at 9. Based upon our review of the entire record, we decline Appellant's invitation to assume the role of fact finder and reweigh the evidence. Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's claim challenging the weight of the evidence.

In his final issue, Appellant argues that the trial court erred in denying his motion for judgment of acquittal. Appellant's Brief at 13-14. Appellant contends that "the Commonwealth failed to make out a *prima facie* case **and the trial court erred by allowing the case to be decided by the jury**." *Id*. at 14 (emphasis added). However, as the Commonwealth accurately observes, Appellant did not timely move for a judgment of acquittal prior to the jury retiring to deliberate. Appellee's Brief at 24. Therefore, we find that this issue is waived.

A challenge to the sufficiency of the evidence in a criminal case is governed by Pa.R.Crim.P. 606, which provides, in relevant part, as follows:

**Rule 606.  Challenges to Sufficiency of Evidence**

(A)  A defendant may challenge the sufficiency of the evidence to sustain a conviction of one or more of the offenses charged in one or more of the following ways:

>    (1)  a motion for judgment of acquittal at the close of the Commonwealth's case-in-chief;
>
>    (2)  a motion for judgment of acquittal at the close of all the evidence;

* * *

(B)  A motion for judgment of acquittal shall not constitute an admission of any facts or inferences except for the purpose of deciding the motion.  If the motion is made at the close of the Commonwealth's evidence and is not granted, the defendant may present evidence without having reserved the right to do so, and the case shall otherwise proceed as if the motion had not been made.

(C)  If a defendant moves for judgment of acquittal at the close of all the evidence, the court may reserve decision until after the jury returns a guilty verdict or after the jury is discharged without agreeing upon a verdict.

Pa.R.Crim.P. 606.  Thus, for Appellant to have preserved his argument that the trial court erred in failing to grant his motion for judgment of acquittal and permitting the case to be decided by the jury, he would have needed to make the motion either at the close of the Commonwealth's case-in-chief or at the close of all the evidence.  ***Cf. Commonwealth v. Medley***, 725 A.2d 1225, 1226-1227 (Pa. Super. 1999) (holding the appellant did not waive his issue on appeal because the trial court erred in denying motion for judgment of acquittal because he complied with former Pa.R.Crim.P. 1124

(renumbered Pa.R.Crim.P. 606) by making motions at the close of the Commonwealth's case-in-chief and immediately after the verdict).

Our review of the certified record reflects that Appellant made two premature motions for judgment of acquittal while the Commonwealth was presenting its case-in-chief. N.T., 11/17-18/14, at 45, 69. After Appellant's counsel made the first motion, the assistant district attorney responded, "I haven't finished putting on my evidence." *Id*. at 45. After Appellant's counsel made the second motion for judgment of acquittal, the trial judge stated, "Well, I think that I didn't hear the Commonwealth rest." *Id*. at 69. The record further reflects that Appellant did not make a motion for judgment of acquittal at the close of the Commonwealth's case-in-chief. *Id*. at 122-123. In addition, Appellant did not present any evidence in defense. *Id*. Accordingly, because Appellant did not properly move for judgment of acquittal as required under Pa.R.Crim.P. 606(A), we are constrained to conclude that his issue alleging that the trial court erred in allowing the jury to decide the case when the Commonwealth allegedly failed to present a *prima facie* case is waived.

Judgment of sentence affirmed.

Judge Ott joins the Memorandum.

Justice Fitzgerald Concurs in the Result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2016